# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 23, 2013

Lyle W. Cayce
Clerk

No. 12-41141
Summary Calendar

BURNICE WILSON,

                    Plaintiff-Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE; UNIVERSITY OF TEXAS
MEDICAL BRANCH; WINDHAM SCHOOL DISTRICT; TEXAS STATE
LIBRARY,

                    Defendants-Appellees

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 6:11-CV-245

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Burnice Wilson, Texas prisoner # 01119054, moves for leave to appeal in forma pauperis (IFP) following the dismissal of his civil action as moot. He argues that the district court erred by finding his action moot based on his transfer from the prison unit in which he was incarcerated when he filed suit to another prison unit. He further argues that the magistrate judge erred by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denying his motion for appointment of counsel; that the district court incorrectly applied *Wells v. Thaler*, 460 F. App'x 303 (5th Cir. 2012), to the facts of his case; and that the district court erred by failing to make specific findings of fact as to his summary judgment evidence.

In his appellate IFP motion, Wilson does not articulate his underlying claims sufficiently for this court to find that the district court erred by finding the lawsuit mooted by the prison transfer. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). Wilson has failed to brief his remaining substantive issues sufficiently for them to be considered, even if the mootness dismissal were found to be erroneous. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Finally, Wilson contends that the requirement that he pay the full $455 appellate filing fee violates his right of access to the courts. He further argues that this court might as well allow him to proceed IFP on appeal because the district court assessed the $455 filing fee, to be paid in installments, as if the district court were granting IFP. The filing fee is required. *See* 28 U.S.C. § 1915(b)(1); *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Wilson's appeal is without arguable merit and is dismissed as frivolous in conjunction with the denial of the IFP motion. *See Baugh*, 117 F.3d at 202 n.24. The dismissal of this appeal counts as a strike against Wilson for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Wilson previously had a civil action dismissed for failure to state a claim on which relief could be granted. *Wilson v. Dallas Police Dep't*, No. 3:02-CV-810 (N.D. Tex. Oct. 16, 2003) (unpublished order). That previous dismissal also counts as a strike. *See Adepegba*, 103 F.3d at 388. Wilson is cautioned that, should he accumulate three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

No. 12-41141

    IFP DENIED.  APPEAL DISMISSED.  *See* 5TH CIR. R. 42.2.  SANCTION WARNING ISSUED.